IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Althea Graham,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Beaufort Memorial Hospital Endowment Foundation and Patricia Atanasio,<br><br>　　　　　Defendants. | Civil Action No.: 9:23-cv-05934-BHH-MHC<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiff above named, complaining of the acts of the above-named Defendant, states as follows:

PARTIES AND JURISDICTION

1.　Plaintiff, Althea Graham ("Graham") is a resident and citizen of the County of Hampton County, South Carolina.

2.　Upon information and belief, Defendant Beaufort Memorial Hospital ("BMH") is a government operated healthcare facility that does business and maintains offices and agents in the State of South Carolina.

3.　Upon information and belief, Defendant Patricia Atanasio ("Atanasio") is a resident and citizen of the County of Beaufort, South Carolina.

4.　This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e ("Title VII"), 42 U.S.C. §1981, and 42 U.S.C. 1983.

5.　Venue for all causes of action stated herein lies in the District of South Carolina, Beaufort Division pursuant to 28 U.S.C. § 1391(b), in that the Plaintiff and Atanasio reside in the district,

BMH does business in the district, and a substantial part of the events giving rise to Plaintiff's claims occurred in the district.

6.  BMH is an employer with 15 or more employees and otherwise subject to Title VII.

7.  BMH is an employer subject to 42 U.S.C. 1981.

8.  As a government entity, BMH and its employees are subject to 42 U.S.C. 1983.

9.  As an employee of BMH, Atanasio is subject to 42 U.S.C. 1983.

10. Plaintiff timely filed her complaint with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC") alleging discrimination based upon color and race. Plaintiff's charge of discrimination also included an allegation of retaliation.

11. On or about September 19, 2023, Plaintiff received a right to sue notice from the EEOC regarding the complaint described above.

12. That Plaintiff timely filed the foregoing action within ninety (90) days of the date on which she received the notice of right to sue described above.

13. Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of this action.

14. Plaintiff is a black American and female.

15. On or about June 20, 2022, Plaintiff was hired by BMH as Medical Staff Credentialing Specialist ("Credentialing Specialist").

16. As a Credentialing Specialist, Plaintiff assisted in the process of credentialing newly acquired medical providers, ensured compliance and delivery of required information to providers,

prepared and maintained reports of credentialing activities, and handled sensitive, confidential, and/or privileged information.

17. In June 2021, prior to her official employment with BMH, Plaintiff was employed with another company, Team Health. As an employee of Team Health, Plaintiff worked as a Hospital Medicine Practice Coordinator, an administrative position, and worked closely onsite with BMH Credentialing Specialists.

18. In her role as a Credentialing Specialist, Plaintiff's direct supervisor was Patricia Atanasio, a Caucasian-American female ("Atanasio").

19. Atanasio became Plaintiff's supervisor of the Medical Credentialing Department on or about June 6, 2022, approximately 2 weeks before Plaintiff was hired by BMH.

20. Atanasio was trained to supervise the Medical Credentialing Department by Bernetrein Brown ("Brown").

21. Ms. Brown observed that Atanasio was not retaining the information necessary to properly perform the duties as supervisor of the Medical Credentialing Department.

22. In or about July and August 2022, Plaintiff complained to Atanasio that she felt as though she was being bullied, mistreated, and targeted because of her race.

23. In response to Plaintiff's complaints of race discrimination, Atanasio accused Plaintiff of being "disruptive" and "insubordinate."

24. Atanasio did not report Plaintiff's complaints to BMH's human resources department.

25. In further response to Plaintiff's complaint of race-based discrimination, Atanasio retaliated against Plaintiff by burdening Plaintiff with additional tasks and duties she could not complete in order to negatively affect Plaintiff's work performance. Plaintiff informed Atanasio the multiple tasks she was being assigned could not be accomplished. Plaintiff again told Atanasio

she felt these additional tasks were assigned to her as retaliation for making complaints about discrimination.

26. Atanasio's supervisor was Dr. Kurt Gambla ("Dr. Gambla"), a Caucasian-American male.

27. In or about July 2022, Plaintiff reported to Gambla that Atanasio was subjecting her to discrimination, retaliation, and hostile work environment based on Plaintiff's race and her making complaints about race discrimination.

28. After receiving Plaintiff's complaint of Anatasio's behavior, Gambla, dismissed Plaintiff's complaint, failed to investigate them, and did nothing the address Plaintiff's concerns.

29. In retaliation for making complaints of race discrimination and retaliation, Defendants removed Plaintiff's access to the "Medstaff" credentialing database, rendering her unable to complete the credentialing process. Plaintiff was the only Credentialing Specialist whose access was removed.

30. On or About August 4, 2022, Anatasio instructed Plaintiff to email documents containing confidential or sensitive information (the "Subject Documents") to another provider who did not have a secure email address in violation of BMH policies.

31. Plaintiff informed Atanasio she would follow protocol and send the Subject Documents by way of FedEx.

32. Plaintiff and Atanasio were trained that provider information, like those contained in the Subject Documents, was not to be transmitted by way of email to a provider without a secure email address.

33. When Atanasio insisted Plaintiff send the sensitive documents by way of email, Plaintiff informed Atanasio that she was uncomfortable sending them from Plaintiff's email address because doing so would be a policy violation that would reflect poorly on Plaintiff.

34. Plaintiff further informed Atanasio that she would send them by way of FedEx or interoffice mail because those were acceptable methods of sending the Subject Documents.

35. Atanasio demanded Plaintiff send the Subject Documents using Plaintiff's own email address.

36. Plaintiff then requested Atanasio send Plaintiff an email specifically instructing her to email the confidential documents so it was clearly documented that this directive came directly from Plaintiff's supervisor.

37. Atanasio refused to document her demand Plaintiff send the Subject Documents using Plaintiff's own email address.

38. Plaintiff sent the Subject Documents by way of interoffice mail.

39. Sending confidential or sensitive information, including the Subject Documents, by way of interoffice mail is a delivery method approved by BMH.

40. Sending confidential or sensitive information, including the Subject Documents, by way of interoffice mail is not a violation of BMH policy.

41. Plaintiff did not violate BMH policy by sending the Subject Documents by way of interoffice mail.

42. On August 4, 2022, Plaintiff filed a complaint with BMH's human resources department alleging race discrimination, retaliation, and hostile work environment.

43. On August 15, BMH suspended Plaintiff's employment.

44. On or about August 25, 2022, BMH terminated Plaintiff's employment.

45. As a result of Plaintiff's termination based on the false charges levied against her, she has been negatively stigmatized due to BMH's publication of false information related to her termination of employment.

FOR A FIRST CAUSE OF ACTION:
VIOLATION OF TITLE VII
DISCRIMINATION BASED ON RACE/COLOR
(Against BMH)

46.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

47.     Plaintiff, as an African-American, is a member of a protected class under Title VII.

48.     Throughout her employment with BMH, Plaintiff was performing her job satisfactorily.

49.     Plaintiff was subjected to adverse employment actions by her employer and agents of her employer including, but not limited to, bullying, intimidation, unwarranted suspension, and being terminated from her employment with BMH.

50.     Plaintiff's treatment was different from similarly situated employees outside her protected class. By way of example, Plaintiff was disciplined for complying with proper procedures for handling sensitive documents when other Caucasian-American employees were not.

51.     There is additional evidence that gives rise to an inference of unlawful race-based discrimination to include, but not limited to Plaintiff's supervisors making comments that she, as a black person, was overly vocal, and argumentative, and disruptive when she made complaints about race discrimination.

52.     Defendants' behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

53.     That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing,

character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

54.     That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendants.

FOR A SECOND CAUSE OF ACTION:
VIOLATION OF TITLE VII
RETALIATION
(Against BMH)

55.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

56.     That as alleged above, Plaintiff complained to Defendants on several occasions that she was being discriminated against based on her race.

57.     That Plaintiff's complaints were made in good faith, and constitute protected activity under Title VII.

58.     Defendants' actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

59.     Plaintiff, on numerous occasions, complained to Defendants about the above-described race-based discrimination and hostile work environment and BMH was on notice that it was occurring.

60.     Despite being notified of the above-mentioned conduct, Defendants wholly failed to take prompt and effective remedial action to end the illegal conduct and Defendants continued to subject Plaintiff to race-based discrimination in violation of Title VII.

61.     Subsequent to and in retaliation for Plaintiff making complaints, Defendants created and allowed the work environment to be so hostile that no person could have withstood such treatment.

62. To further retaliate against Plaintiff, Defendants suspended Plaintiff's employment and later terminated her for making complaints about discrimination.

63. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

64. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

<u>FOR A THIRD CAUSE OF ACTION:
VIOLATION OF TITLE VII
HOSTILE WORK ENVIRONMENT</u>
(Against BMH)

65. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

66. During Plaintiff's employment, she was subjected to an unwelcome and hostile environment created by BMH and its agents.

67. The hostile environment Plaintiff was subjected to was based on her race.

68. Plaintiff was subject to additional harassment because Plaintiff made complaints about discrimination and retaliation.

69. Defendants' behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

70. The hostile environment was sufficiently severe and pervasive to alter the conditions of her employment. Specifically, Defendants knew about, created, cultivated, and allowed the work environment to be hostile.

71. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

72. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendants.

FOR A FOURTH CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981
RACE DISCRIMINATION
(Against All Defendants)

73. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

74. Plaintiff is a black American.

75. Throughout her employment with BMH, Plaintiff was performing her job satisfactorily.

76. Plaintiff was subjected to adverse employment actions by her employer and agents of her employer including, but not limited to, bullying, intimidation, receiving unwarranted disciplinary actions, and being terminated from her employment with Defendants.

77. Plaintiff was subjected to adverse employment actions by her employer and agents of her employer including, but not limited to, bullying, intimidation, unwarranted suspension, and being terminated from her employment with Defendants.

78. Plaintiff's treatment was different from similarly situated employees outside her protected class. By way of example, Plaintiff was disciplined for complying with proper procedures for handling sensitive documents when other Caucasian-American employees were not.

79. There is additional evidence that gives rise to an inference of unlawful race-based discrimination to include, but not limited to Plaintiff's supervisors making comments that she, as a black person, was overly vocal, and argumentative, and disruptive when she made complaints about race discrimination.

80. Defendants' behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

81. Defendants' actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

82. Plaintiff, on numerous occasions, complained to Defendants about the above-described race discrimination and hostile work environment and Defendants were on notice that it was occurring.

83. Despite being notified of the above-mentioned conduct, Defendants wholly failed to take prompt and effective remedial action to end the illegal conduct and Defendants continued to subject Plaintiff to race discrimination in violation of 42 U.S.C. 1981.

84. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered

severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

85.     That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendants.

86.     But for Plaintiff's race, Defendants would have properly investigated Plaintiff's complaints and would not have allowed the hostile environment to continue.

87.     But for Plaintiff's race, Defendants would not have discriminated against Plaintiff.

88.     But for Plaintiff's race, Defendants would not have suspended Plaintiff.

89.     But for Plaintiff's race, Defendants would not have terminated Plaintiff's employment.

90.     Plaintiff was discriminated against in violation of 42 U.S.C. 1981.

91.     As a result of Defendants' actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

92.     Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and he is entitled to recover punitive damages from Defendants.

<u>FOR A FIFTH CAUSE OF ACTION:<br>VIOLATION OF 42 U.S.C. 1981</u>

## RETALIATION
### (Against All Defendants)

93.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

94.     That as alleged above, Plaintiff complained to Defendants on several occasions that she was being harassed and discriminated against because of her race.

95.     That Plaintiff's complaints were made in good faith, and constitute protected activity under 42 U.S.C. 1981.

96.     Subsequent to and in retaliation for Plaintiff making complaints, Defendants created and allowed the work environment to be so hostile in order to prevent Plaintiff from engaging in protected activity.

97.     In retaliation for Plaintiff making complaints, Defendants gave Plaintiff poor a performance review, suspended Plaintiff, and terminated Plaintiff's employment.

98.     That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

99.     Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendants.

FOR A SIXTH CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981
HOSTILE WORK ENVIRONMENT

(Against All Defendants)

100. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

101. During Plaintiff's employment, she was subjected to an unwelcome and hostile environment created by Defendants and its agents.

102. Defendants' conduct as described above was unwelcome.

103. The hostile environment Plaintiff was subjected to was due to her race.

104. Plaintiff was subject to additional harassment because Plaintiff made complaints about discrimination and retaliation.

105. Defendants' actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

106. Plaintiff, on numerous occasions, complained to Defendants about the above-described race-based discrimination and hostile work environment and Defendants were on notice that it was occurring.

107. Despite being notified of the above-mentioned conduct, Defendants wholly failed to take prompt and effective remedial action to investigate and end the illegal conduct and Defendants continued to subject Plaintiff to race-based discrimination in violation of 42 U.S.C. 1981.

108. Defendants' behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

109. The hostile environment was sufficiently severe and pervasive to alter the conditions of her employment. Specifically, Defendants knew about, created, cultivated, and allowed the work environment to be hostile.

110.    That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

111.    Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendants.

FOR A SEVENTH CAUSE OF ACTION
VIOLATION OF 42 U.S.C. 1983
(Against BMH)

112.    Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

113.    Plaintiff is African-American.

114.    During her employment, Plaintiff's immediate supervisor Atanasio, a Caucasian-American.

115.    Plaintiff's supervisor intentionally failed to address Plaintiff's complaints regarding race discrimination and retaliation due to Plaintiff's race.

116.    Plaintiff was discriminated against and discharged in violation of 42 U.S.C. 1983.

117.    At the time Plaintiff was discharged from her employment, she was performing the functions of her employment in a matter which met her employer's expectations.

118.    Defendants' treatment of Plaintiff as described above violated her substantive and procedural due process rights in violation of 42 U.S.C. 1983.

119. As a result of Defendants' actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

120. Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendants. Plaintiff further seeks to be reinstated to her position.

FOR AN EIGHTH CAUSE OF ACTION
DEFAMATION
(Against All Defendants)

121. The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

122. BMH and Atanasio published false and defamatory statements about Plaintiff to agents and employees of BMH and third parties, including Plaintiff's previous employer.

123. The statements made by defendants, directly stated and indirectly implied Plaintiff was unfit for her profession in the field of medical administration. These statements and actions were defamatory *per se*.

124. The malicious statements and insinuations made by Defendants, in their individual and official capacities, were defamatory *per quod*.

125. As a direct and proximate result of the actions of Defendants, Plaintiff sustained damages in the form of lost back and future wages, income and benefits, expenses associated with finding

other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

## FOR A NINTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

126. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

127. Defendants intentionally and recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from her conduct.

128. The conduct of Defendants was so extreme and outrageous that is exceeded all possible bounds of decency, was atrocious, and is utterly intolerable in a civilized community.

129. Defendants' conduct caused Plaintiff to suffer extreme and severe emotional distress such that no reasonable person could be expected to endure it.

130. As a direct and proximate result of the actions of Defendants, Plaintiff sustained damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

WHEREFORE, Plaintiff requests a jury trial on all causes of action and prays for the following relief against Defendant: for such amount of actual and special damages as the trier of fact may find, (including lost back and future wages, income and benefits, expenses associated

with finding other work, severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal injuries), punitive damages, the cost and disbursements of this action, including reasonable attorneys' fees, prejudgment interest and for such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED,

**LEWIS BLAIN ROBERTS & BOYD LLC**

s/*Emmanuel J. Ferguson, Sr.*
Emmanuel J. Ferguson, Sr.
Federal Bar #11941
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
(803) 875-1925  telephone
(803) 790-8841  facsimile
eferguson@gaffneylewis.com

*Attorney for Plaintiff*

November 20, 2023
Columbia, South Carolina